■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MARK METZGER and JOHN CLEMENTS, Appellants.— Appeal by defendants from two judgments (one as to each defendant) of the County Court, Nassau County, rendered May 21, 1973, convicting them of criminal sale of a dangerous drug in the fourth degree, upon their pleas of guilty, and imposing sentence.

Judgments reversed, on the law, and defendants' motion to suppress certain evidence granted as to the marijuana found in the chest of drawers. After indicating to two policemen that he knew where they could purchase large amounts of marijuana, a named informer was used by the police to make a purchase. When the informer came out of the apartment house where the purchase was made, he had three "joints" of marijuana. He told the police where he had made the purchase and described the layout of the apartment, telling them that there was a large amount of marijuana in a bureau drawer in a back bedroom. The police gained entry to the apartment and arrested the defendant who answered the door. In the room first entered there was a blue bowl containing marijuana in open view. The second defendant was found in the bathroom and was arrested. One of the policemen then went to the chest of drawers described by the informer, opened the drawers, and seized a quantity of marijuana. In our opinion, the police had reasonable grounds to arrest defendants. Thus, the contraband in open view, i.e., the marijuana in the blue bowl, was the subject of a valid seizure incident to an arrest (*Chimel* v. *California*, 395 U. S. 752). However, the marijuana in the dresser was not lawfully seized and the motion to suppress should have been granted as to this portion of the contraband. The People presented no evidence to rebut the presumption of unreasonableness that attaches to a warrantless search (*Coolidge* v. *New Hampshire*, 403 U. S. 443) and there is nothing in the record from which we can say that the People sustained their burden of proving that compelling exigencies made immediate seizure mandatory (*United States* v. *Jeffers*, 342 U. S. 48). Latham, Acting P. J., Shapiro, Cohalan, Christ and Munder, JJ., concur.